IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Samuel K. Robinson, | C/A No. 6:20-cv-04131-TMC-KFM |
| Plaintiff, | **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| LVNV Funding LLC, Resurgent Capital Services, | |
| Defendants. | |

This is a civil action filed by a *pro se* plaintiff. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

The plaintiff's case was entered on the docket on November 30, 2020 (doc. 1). By orders dated December 29, 2020, January 28, 2021, and February 12, 2021, the undersigned informed the plaintiff that his case was not in proper form (docs. 5; 8; 16). The plaintiff complied with the Court's orders, bringing his case into proper form. Nevertheless, for the reasons set forth below, it is recommended that the instant action be transferred to the United States District Court for the Western District of Tennessee.

## ALLEGATIONS

The plaintiff brings this action asserting that the defendants violated his rights under the Fair Debt Collections Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA") by attempting to collect a debt the plaintiff does not owe (doc. 1). The accounts in question originated as a credit card from Credit One Bank and a Fingerhut account (*id*. at 2). Both accounts were closed after the plaintiff reported suspicious and fraudulent

activity (*id*. at 2–5). Both accounts were sold to LVNV Funding, LLC and Resurgent Capital Services, who works as a collection agency for LVNV Funding, LLC (*id*. at 4, 5, 7–9).

The plaintiff alleges that the defendants are attempting to collect money that he does not owe, because of the fraudulent actions by the original creditors (*id*. at 6–7). The plaintiff also alleges that he has requested validation of the debt from the defendants, but has not received it (*id*. at 10). He further contends that he notified the credit bureaus that the accounts in question were not valid, but Resurgent reported that the accounts were valid so the credit bureaus have been reporting negative information on the plaintiff's credit report (*id*.).

The plaintiff alleges that he filed the instant action in response to debt collection litigation filed by the defendants in the Davidson County General Sessions court in Tennessee (*id*. at 11–12). He contends that the defendants have violated the FDCPA because LVNV funding is not registered in the state of Tennessee to collect a debt and because his original credit accounts contained arbitration clauses (*id*. at 11–15). He also asserts fraud, invasion of privacy, and that the defendants lack standing to collect the debt (*id*. at 16–19). For relief, the plaintiff seeks money damages (*id*. at 20).

## APPLICABLE LAW & ANALYSIS

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Moreover, even when the filing fee has been paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (per curiam).

As an initial matter, the court has the power to consider *sua sponte* whether venue is proper at this stage of litigation. *See Harmon v. Sussex Cnty.*, C/A No. 4:17-cv-02931-RBH-TER, 2017 WL 6506396, at *2 (D.S.C. Nov. 13, 2017), *Report and Recommendation adopted by* 2017 WL 6498165 (D.S.C. Dec. 19, 2017) (recommending transfer for improper venue at initial review stage of a fee-paid civil action); *Yates v. State Farm Cas. & Fire*, C/A No. 4:18-00179-BHH-KDW, 2018 WL 6928735, at *1 (D.S.C. Feb. 21, 2018), *Report and Recommendation adopted sub nom. Yates v. State Farm Cas.*, 2019 WL 95170 (D.S.C. Jan. 3, 2019). Here, upon review, it appears that this district is the improper venue for this action.

The general venue statute provides that a civil action can be brought where a substantial part of the events or omissions giving rise to the claim occurred, where the defendants reside (if they all reside in the state where the district is located), or, if the first two categories do not apply, in any district where a defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). Here, the plaintiff is a resident of the state of Tennessee (specifically within the Western District of Tennessee) (*see* doc. 1). The plaintiff contends that venue in this court is appropriate because the defendants have offices in the state of South Carolina (*id*. at 2). However, the venue statute indicates that for venue purposes a business is deemed to reside "in any judicial district in which the defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id*. at § 1391(c). Mere presence in this district by the defendants does not, in and of itself, provide personal jurisdiction over the defendants. As such, although the defendants have "offices" in South Carolina, it is unclear whether the court has personal jurisdiction over them *in this action*. For example, as noted above, the plaintiff's allegations in this action involve collections actions which have occurred in Tennessee, as well as allegations that the defendants have improperly acted as debt collectors in Tennessee because they are not licensed in the state of Tennessee to collect

3

debts, as required by Tennessee state law (doc. 1). In light of the foregoing, it appears that the United States District Court for the Western District Court of Tennessee is the appropriate venue for this action, as "a substantial part of the events or omissions giving rise to the claim occurred" there. 28 U.S.C. § 1391(b)(2). As such, the court finds the venue is not proper in this court.

The court may, "in the interest of justice," transfer a case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Under the plain language of § 1406(a), dismissal—and not transfer—is the default disposition of a case filed in an improper venue. When evaluating the propriety of a transfer, rather than a dismissal, within the context of § 1404, the "interest of justice" has been interpreted to include such factors as "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties and the possibility of harassment." *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1260 (E.D. Va. 1988) (footnotes omitted). For example, numerous courts have determined that it is in the interest of justice to transfer a case to a proper forum rather than dismiss a case where the statute of limitations might prevent a plaintiff from commencing a new suit in the proper forum. *See Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 430 n. 7 (1965); *see also* 14D Charles Alan Wright, et al., Federal Practice and Procedure § 3827 n.31 (3d ed. 2011) (collecting cases). The decision whether to transfer or dismiss a case is committed to the sound discretion of the district court. *United States v. Espinoza*, 641 F.2d 153, 162 (4th Cir. 1981).

As noted above, because Tennessee is where the alleged unlawful collections actions occurred and the plaintiff's FDCPA allegations rely on an analysis of Tennessee state law, venue for this action is proper in the Western District of Tennessee. Additionally, because there are statutes of limitations that may affect the plaintiff's actions, it is in the

4

interest of justice to transfer these claims to the Western District of Tennessee, rather than dismiss the instant matter. Accordingly, the instant matter should be transferred to the United States District Court for the Western District of Tennessee.

## **RECOMMENDATION**

Accordingly, it is recommended that the instant action be transferred to the United States District Court for the Western District of Tennessee for all further proceedings, including whether to authorize service of process. Because the court raised the issue of transfer of venue *sua sponte*, pursuant to *Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986), the plaintiff must be given an opportunity to be heard before a final decision on transfer is rendered. The plaintiff's opportunity to file timely objections to this Report and Recommendation is considered to be the required opportunity to be heard under *Feller* before a final decision on transfer is rendered by the district judge. *See, e.g., Harmon*, 2017 WL 6506396, at *2 n.1

**The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

March 24, 2021
Greenville, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).