IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Samuel K Robinson, | ) |
| Plaintiff, | ) Civil Action No. 6:20-cv-4131-TMC |
| vs. | ) |
| LVNV Funding LLC and Resurgent Capital Services, | ) **ORDER** |
| Defendants. | ) |

Plaintiff Samuel K. Robinson ("Plaintiff"), proceeding *pro se*, brings this action against Defendants LVNV Funding LLC ("LVNV") and Resurgent Capital Services ("Resurgent") (collectively, "Defendants") for alleged violations of the Fair Debt Collections Practices Act ("FDCPA")[1] and the Fair Credit Reporting Act ("FCRA")[2]. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court transfer this case to the United States District Court for the Western District of Tennessee. (ECF No. 21). Plaintiff filed objections to the Report, (ECF No. 25), and this matter is now ripe for review.

**BACKGROUND**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See* (ECF No. 21). Briefly, Plaintiff asserts that Defendants violated the FDCPA and FCRA by attempting to collect from Plaintiff a debt Plaintiff does not

---

[1] 15 U.S.C. §§ 1692–1692p.
[2] 15 U.S.C. §§ 1681–1681x.

1

owe. *See generally* (ECF No. 1). Plaintiff originally opened the accounts at issue with Credit One Bank and Fingerhut, but subsequently closed the accounts after he reported suspicious and fraudulent activity on the accounts. *Id*. at 2–5. Credit One Bank and Fingerhut later sold the accounts to LVNV, whose collection agency, Resurgent, has attempted to collect on the accounts from Plaintiff. *Id*. at 4, 5, 6–9. Plaintiff asserts that the amounts the Defendants are seeking to collect are the result of fraudulent acts by the original creditors such that Plaintiff does not owe any money on the accounts. *Id*. at 6–7.

Plaintiff alleges that he filed this action in response to debt collection lawsuits Defendant LVNV has brought against Plaintiff in the Davidson County General Sessions Court in Nashville, Tennessee. *Id*. at 11–12. Specifically, Plaintiff claims that LVNV is not registered in the state of Tennessee to collect debts in violation of the FDCPA and that Defendants lack standing to collect the debts. *Id*. at 16–19. Plaintiff further alleges claims for fraud and invasion of privacy. *Id*. For relief, Plaintiff monetary damages and injunctive relief. *Id*. at 20.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

# DISCUSSION

In his Report, the magistrate judge recommends that this case be transferred to the United States District Court for the Western District of Tennessee because venue in this district is improper. (ECF No. 21 at 1, 3–5). First, the magistrate judge noted that, for purposes of venue, a corporation or business entity "is deemed to reside 'in any judicial district in which the defendant is subject to the court's personal jurisdiction with respect to the civil action in question.'" (ECF No. 21 at 3 (quoting 28 U.S.C. § 1391(c))). Additionally, "[m]ere presence in this district by the defendants does not, in and of itself, provide personal jurisdiction over the defendants." *Id*. The magistrate judge then noted that all of Plaintiff's allegations relate to Tennessee, not South Carolina. *Id*. at 3–4. Specifically, Plaintiff alleges that the Defendants improperly attempted to collect a debt against Plaintiff in Tennessee and that Defendants are not licensed to collect debts in Tennessee. *Id*. Thus, the magistrate judge found that "it is unclear whether the court has personal jurisdiction over [Defendants] *in this action*[,]" and concluded that venue is, therefore, not proper in this court. *Id*. (emphasis in original).

Having concluded that venue is improper in this district, the magistrate judge correctly noted that "[t]he court may, 'in the interest of justice,' transfer a case 'to any district or division in which it could have been brought.'" *Id*. at 4 (quoting 28 U.S.C. § 1406(a)). Accordingly, the magistrate judge concluded that, "because Tennessee is where the alleged unlawful collections actions occurred and the plaintiff's FDCPA allegations rely on an analysis of Tennessee state law, venue for this action is proper in the Western District of Tennessee" as "'a substantial part of the events or omissions giving rise to the claim[s] occurred' there." *Id*. at 4 (quoting 28 U.S.C. § 1391(b)(2)).

On April 5, 2021, Plaintiff filed objections to the magistrate judge's Report. (ECF No. 25). First, Plaintiff objects to the action being transferred to the Western District of Tennessee, instead of the Middle District of Tennessee where Plaintiff resides. *Id*. at 1. Plaintiff resides in Madison, Tennessee. (ECF Nos. 1 at 2; 25 at 1). Madison, Tennessee is located in Davidson County, which falls within the Middle District of Tennessee. *See* Metro Government of Nashville & Davidson County, Tennessee, https://www.nashville.gov/default.aspx (last visited July 8, 2021) (showing Madison, Tennessee falls within Council Districts 7, 8, and 9 for Davidson County); Federal Judicial Center, *U.S. District Courts for the Districts of Tennessee: Judicial District Organization, 1802-present*, https://www.fjc.gov/history/courts/u.s.-district-courts-districts-tennessee-judicial-district-organization-1802-present (last visited July 8, 2021).[3] Accordingly, because the bulk of Plaintiff's allegations regarding the unlawful collections attempts occurred at or near Plaintiff's home in Madison, Tennessee, the court sustains this objection and finds that the proper venue for this action is the Middle District of Tennessee rather than the Western District.

Plaintiff's second objection merely disagrees with the magistrate judge's conclusion that venue is improper in this district. *Id*. at 1–2. Specifically, Plaintiff appears to argue that Defendants are both residents of South Carolina because they both have addresses in South Carolina. *See id*. The court recognizes that both Defendants are registered with the South Carolina Secretary of State and have a registered agent whose address is in West Columbia, South Carolina. *See* South Carolina Secretary of State, *Entity Profile – LVNV Funding LLC*, S.C. Sec'y of State Bus. Entities Online, https://businessfilings.sc.gov/BusinessFiling/Entity/Profile/1b25eab9-0736-4ccf-ac92-e8b7b6fadc57 (last visited July 8, 2021) [hereinafter *LVNV Entity Profile*]; South

---

[3] The court takes judicial notice of the Davidson County and Federal Judicial Center records, because they are matters of public record "not subject to reasonable dispute." Fed. R. Evid. 201(b); *see also, e.g.*, *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting courts "may properly take judicial notice of matters of public record").

5
Case 3:21-cv-00548   Document 27   Filed 07/21/21   Page 5 of 7 PageID #: 81

Carolina Secretary of State, *Entity Profile – Resurgent Capital Services L.P.*, S.C. Sec'y of State Bus. Entities Online, https://businessfilings.sc.gov/BusinessFiling/Entity/Profile/c20de09b-3151-4595-a641-b90ab8dd0871 (last visited July 8, 2021) [hereinafter *Resurgent Entity Profile*].[4] However, as the magistrate judge correctly noted, the Defendants' "[m]ere presence in this district . . . does not, in and of itself, provide personal jurisdiction over defendants" such that they could be considered residents of this district for purposes of proper venue. (ECF No. 21 at 3); *see also Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 137–38 (4th Cir. 2020) (citing *Builder Mart of Am., Inc. v. First Union Corp.*, 349 S.C. 500, 563 S.E.2d 352 (Ct. App. 2002), *overruled in part on other grounds by Farmer v. Monsanto Corp.*, 353 S.C. 553, 579 S.E.2d 325 (2003)) (noting that "South Carolina law *does not* make consent to general jurisdiction a consequence of obtaining a certificate of authority to transact business" such that a corporation is "not subject to personal jurisdiction in South Carolina simply because it had registered with the South Carolina Board of Financial Institutions and appointed an agent for service of process" (emphasis in original)). Moreover, Plaintiff does not allege any of Defendants' wrongful acts took place in or are in any way connected to the state of South Carolina, nor does he "allege[] injuries that arise out of or relate to" any activities of Defendants' in this state. *Fidrych*, 952 F.3d at 138 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)) (noting that specific personal jurisdiction "may [only] be exercised[] if 'the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities'"). Therefore, the magistrate judge correctly concluded that the court lacks personal jurisdiction over Defendants with respect to this action such that venue

---

[4] The court similarly takes judicial notice of the business records of the South Carolina Secretary of State's website, as they are also matter of public record "not subject to reasonable dispute." Fed. R. Evid. 201(b); *see also, e.g.*, *Sabika, Inc. v. Goshen Sparkling Jewelry, LLC*, Civ. No. 1:13-00848, 2013 WL 12180994, at *4, *4 n.3 (S.D. W. Va. July 12, 2013) (taking judicial notice of records from the West Virginia Secretary of State).

is improper in this district.  Accordingly, Plaintiff's second objection is without merit and is overruled.

Thus, having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court **ADOPTS in part** the magistrate judge's Report.  (ECF No. 21).  Specifically, the court agrees with the magistrate judge's conclusion that a transfer of venue is warranted in this case.  The court agrees with Plaintiff, however, that the proper venue to which this case should be transferred is the United States District Court for the Middle District of Tennessee.  Accordingly, it is hereby **ORDERED** that this case be transferred to the United States District Court for the Middle District of Tennessee.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

July 21, 2021
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.